Filed 7/23/26  P. v. Williams CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085754 |
| v. | (Super.Ct.No. CR36149) |
| PLUMMER WILLIAMS, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Charles J. Koosed, Judge.

Reversed and remanded with directions.

Debbie Yen, under , under appointment by the Court of Appeal, for Defendant and

Appellant.

Rob Bonta, Attorney General, Arlene A. Sevidal, Assistant Attorney General,

Vincent LaPietra and Daniel Rogers, Deputy Attorneys General, for Plaintiff and

Respondent.

1

In May 1991, a jury convicted defendant and appellant, Plummer Williams, Jr., of first degree murder pursuant to Penal Code section 187[1] (Count 1) and first degree robbery pursuant to section 211 (Count 2) for crimes committed in May 1989. The jury also found two special circumstances to be true pursuant to section 190.2.

At his sentencing in 1991, defendant stipulated to three prison priors. The court sentenced him to life without the possibility of parole (LWOP) on Count 1 and imposed a consecutive, determinate sentence of seven years on Count 2, which included sentencing enhancements for the prison priors pursuant to section 667.5.

In 2025, following the passage of new legislation invalidating nearly all prison priors as a sentencing enhancement, the court resentenced defendant on the determinate sentence after striking his prison priors, but left undisturbed the LWOP sentence. Defendant argues on appeal that the trial court abused its discretion because it did not know it had discretion to strike the special circumstances findings on Count 1, which would in turn permit the court to resentence him to life in prison with the possibility of parole. We agree with defendant and reverse so that the trial court may consider whether to strike the special circumstances findings.

Defendant also contends that the trial court erred in its calculation of custody credits. The People agree that the calculation was erroneous. We order the abstract of judgment amended to reflect the correct amount of credits.

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Finally, Defendant contends the $10,000 restitution fine ordered by the trial court during resentencing must be vacated pursuant to section 1465.9. We agree.

**FACTUAL AND PROCEDURAL HISTORY**

On May 1, 1989, the victim was robbed of drugs and money, then killed by strangulation while visiting Willie Dyas and his wife, Rhonda Dyas (Rhonda). Defendant and his girlfriend were also visiting the Dyas residence on the day of the murder. The victim's body was discovered at the Dyas residence after defendant reported the crime to his parole officer. Defendant admitted that he tied the ankles of the victim and looked through the victim's bag for either money or a gun.

Defendant pled not guilty to robbery and murder. In 1991, a jury convicted defendant of first degree robbery (§ 211) and first degree murder (§ 187). The jury also found two special circumstances to be true: that the murder occurred during the commission of a robbery (now § 190.2, subd. (a)(17)(A)), and that the murder involved the infliction of torture (§ 190.2, subd. (a)(18)).

During his initial sentencing, defendant stipulated to three prison priors. The court sentenced defendant to LWOP on Count 1, and seven years (six years plus one consecutive year and two concurrent years based on the three prison priors) on Count 2. The court also imposed a restitution fine in the sum of $10,000 pursuant to former Government Code section 13967, subdivision (a).

In 1992, defendant filed an appeal and a petition for writ of habeas corpus alleging ineffective assistance of counsel. In the unpublished opinion (*People v. Dyas, et. al.* (Jan. 12, 1993, E009678) [nonpub. opn.].), this court heard defendant's appeal and petition

3

together with the appeal of his codefendant, Rhonda.[2]  Other than modifications to the judgment to stay the execution of the sentence on the robbery conviction, and an increase to defendant's custody credits, the judgment on appeal was affirmed and defendant's petition for writ of habeas corpus was denied.  (*Id.* at pp. 35.)  This court noted in the opinion that although the trial court had exercised its discretion in dismissing the special circumstance allegation the jury found true as to Rhonda, "the court did not dismiss either special circumstance finding as to [defendant], nor is there any suggestion in the record that the court was inclined to do so." (*Id*. at pp. 32.)

In 2019, defendant filed a petition for resentencing pursuant to former section 1170.95 (now § 1172.6).  (*People v. Williams* (Sep. 3, 2021, E077024) [nonpub. opn.].)  On appeal, this court affirmed the trial court's denial of the petition, as the two special circumstance findings required that the jury find that defendant acted with the intent to kill, therefore disqualifying defendant from section 1172.6 relief.  (*Ibid*.)

In October 2023, pursuant to section 1172.75, the court recalled defendant's sentence and struck the three prison priors.  The trial court commented at the October 2023 hearing that "It looks like the only discretion the Court would have [at the resentencing hearing] is low, middle, or upper term [on Count 2]," and defendant's counsel agreed.

---

[2]  We have taken judicial notice of the unpublished decision per Evidence Code section 459 and have derived portions of our factual and procedural history from the opinion in that matter.

On March 7, 2025, at the resentencing hearing to address the legislatively invalidated prison priors, defendant's counsel requested that the court reduce the determinate sentence from the upper term to the lower term, and then stated that "other than that, there doesn't seem to be a lot of resentencing discretion availability." Following a chambers conference not held on the record, the court stated with respect to Count 1 that defendant had been sentenced to LWOP and that "I don't believe the Court has any discretion to otherwise change that." The court resentenced defendant on Count 2 to the upper term.[3]

**DISCUSSION**

A.     <u>RETROACTIVE APPLICATION OF SECTION 1385.1 DURING</u>
<u>SECTION 1172.75 RESENTENCING</u>

Prior to January 1, 2020, section 667.5, subdivision (b), required trial courts to impose a sentence enhancement of one additional year for each of a defendant's prior prison or jail terms. (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1054.) Section 1172.75, subdivision (a), now provides in relevant part: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 . . . is

---

[3] The reporter's transcript and the minute order of the resentencing hearing reflect the trial court's pronouncement of the upper term of five years. Pursuant to section 213, subdivision (1)(B), the upper term punishment for first degree robbery is six years. Based on the court's comments that it was "not inclined to change" the prior sentence in ordering the upper term, and since the prior sentence was six years, we presume that the court intended to order a sentence of six years on Count 2. The trial court may revisit this portion of the sentence on remand.

legally invalid." The statute was passed by the Legislature "in an effort to reduce the societal and fiscal burdens of incarceration." (*Rhodius*, at p. 1054.)

Subdivisions (b) and (c) of section 1172.75 mandate that the Department of Corrections and Rehabilitation identify eligible individuals whose sentences include now-invalidated section 667.5 enhancements, and that the trial court "shall recall the sentence and resentence the defendant." While conducting the resentencing, section 1172.75, subdivision (d)(2), provides the express instruction that "[t]he court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."

Section 190.2, subdivision (a), provides that where there has been a finding of certain enumerated special circumstances in connection with a defendant who has been found guilty of first degree murder, the penalty is death or LWOP. Section 1385 previously provided the trial court with the discretion to strike or dismiss the special circumstances. (*People v. Nguyen* (2025) 109 Cal.App.5th 1133, 1141 (*Nguyen*). Although the statute only authorizes such relief upon motion of the court or application of the prosecution, the defendant nevertheless has " 'the right to "invite the court to exercise its power by an application to strike a count." ' " (*People v. Coleman* (2024) 98 Cal.App.5th 709, 724.) Failure by a defendant to make such a request under section 1385 results in forfeiture of the issue. (*Ibid*.)

Contrary to Section 1385, however, section 1385.1 provides that "a judge shall not strike or dismiss any special circumstance which is admitted by a plea of guilty or nolo contendere or is found by a jury or court as provided in Sections 190.1 to 190.5, inclusive." The section was enacted as of June 6, 1990, via voter initiative Proposition 115. (*Nguyen*, *supra*, 109 Cal.App.5th at 1141.) The dispute here centers around whether section 1385.1 serves as a bar to the trial court's discretion to strike section 190.2 special circumstances when the court is resentencing a defendant pursuant to section 1172.75 for a pre-June 6, 1990, crime.

Ordinarily, we review the trial court's sentencing decisions for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, superseded by statute on another ground as stated in *People v. Lynch* (2024) 16 Cal.5th 730, 757.).) However, defendant argues pursuant to *People v. McDavid* (2024) 15 Cal.5th 1015, 1023 that the trial court necessarily abused its discretion when it failed to strike his special circumstances because it was unaware that it had any discretion to do so. We therefore examine whether the trial court had any discretion in this regard, which is a question of statutory interpretation to be reviewed de novo. (*Ibid*.)

As an initial matter, defendant forfeited his section 1385 claim on appeal, as he did not invite the trial court to dismiss the special circumstances at either the October 2023 or March 2025 hearings, and in fact his counsel affirmed at both hearings that the court had no discretion in connection with the LWOP sentence on Count 1. In the interests of justice, and in consideration of defendant's alternative argument of ineffective assistance of counsel, we exercise our discretion to reach a question that has not been preserved for

7

review by a party. (See *Nguyen*, *supra*, 109 Cal.App.5th at 1143-1144; *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6.)

Both defendant and the People identify two recent appellate cases pertinent to the inquiry, one of which is currently pending review before the Supreme Court: (*Nguyen*, *supra*, 109 Cal.App.5th 1133; and *People v. Henderson* (2025) 110 Cal.App.5th 828 (review granted, July 9, 2025, S291105) (*Henderson*).[4])

Each of the cases in question examines the applicability of section 1385.1 in the context of section 1172.6 resentencing where the crime occurred prior to June 6, 1990. As set forth below, we agree with defendant that *Nguyen* is the better reasoned case and we therefore reverse and remand.

In *Nguyen*, *supra*, 109 Cal.App.5th 1133, a jury convicted the defendants in 1989 of two murders, four attempted murders, and conspiracy to commit murder. (*Id.* at p. 1136.) The jury also found true firearm and multiple murder special circumstance allegations. The court sentenced the defendants to LWOP on the two murders. (*Ibid*.) In 2023, pursuant to section 1172.6, the trial court vacated and redesignated the attempted murder convictions as assault with a firearm. (*Nguyen*, at p. 1136-1137.) Upon resentencing, the trial court left in place the LWOP sentences for the two murder convictions. (*Id.* at p. 1137.) On appeal, a different division of this court reversed and

---

**4** When granting review, the Supreme Court specified that the appellate court's opinion may be cited pending review "not only for its persuasive value, but also for the limited purpose of establishing the existence of a conflict in authority that would in turn allow trial courts to exercise discretion under *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 456, …, to choose between sides of any such conflict." (*People v. Henderson* (Cal. 2025) 334 Cal.Rptr.3d 44.)

8

remanded the trial court's ruling on a section 1172.6 resentencing, holding that "it does not appear that the court was aware that because the murders occurred before June 6, 1990, the court had the discretion to strike the special circumstance enhancements, and then impose life sentences with the possibility of parole." (*Id.* at 1144.) The *Nguyen* court noted that section 1385.1 operates only prospectively, "therefore, a trial court *may* dismiss a special circumstance allegation attached to any murders committed before June 6, 1990, the date that section 1385.1 became effective." (*Nguyen*, at p. 1141.)

The *Nguyen* court's decision specifically relied upon *Tapia v. Superior Court* (1991) 53 Cal.3d 282, 286 (*Tapia*). In *Tapia*, Proposition 115 took effect while the defendant was in the process of being prosecuted for first degree murder. (*Id.* at 286-287.) The defendant challenged the trial court's decision to conduct voir dire pursuant to the new Proposition 115 procedures. (*Ibid.*) In examining whether Proposition 115's provisions could be applied to crimes committed prior to its effective date after consideration of ex post facto concerns, the Supreme Court separated the provisions into four separate categories depending on their impact upon defendants. (*Id.* at p. 297.) Relevant to this inquiry, the high court expressly categorized section 1385.1 as falling within the category of provisions "which change the legal consequences of criminal behavior to the detriment of defendants [and therefore] cannot be applied to crimes committed before the measure's effective date." (*Id.* at p. 298.)

The decision in *Henderson*, *supra*, 110 Cal.App.5th 828, also involved resentencing a defendant pursuant to section 1172.6 for a murder committed prior to 1990 and for which the defendant had been sentenced to LWOP. (*Henderson*, at pp. 835-837.) The Second District Court of Appeal held that applying section 1385.1 to a pre-June 6, 1990, crime to bar dismissal of a special circumstance in the context of an 1172.6 resentencing would not violate ex post facto principles so long as the new sentence was no more severe than the punishment that existed at the time the crime was committed. (*Henderson*, at pp. 832-833.) The court specified that it disagreed with the *Nguyen* court as that decision had not "consider[ed] ex post facto principles or whether the reasoning in *Tapia* applies in the section 1172.6 resentencing context (in contrast to a pending criminal prosecution or other nonfinal judgment)." (*Henderson*, at p. 842, fn. 8.) The *Henderson* court highlighted that 1172.6 is a voluntary procedure and an act of lenity, which cannot possibly harm the defendant and can only potentially help, such that certain constitutional protections normally attached to criminal prosecutions do not apply. (*Henderson*, at pp. 840-842.)

We disagree with our colleagues in the Second District. The high court stated plainly that section 1385.1 is one of the provisions that "change[s] the legal consequences of criminal behavior to the detriment of defendants" and therefore "cannot be applied to crimes committed before the measure's effective date." (*Tapia*, *supra*, 53 Cal.3d at 298.) The detriment exists regardless of whether the sentencing is taking place in 1991 or 2025, and whether in the context of an initial criminal prosecution or resentencing pursuant to new legislation.

10

Further, unlike in *Nguyen* and *Henderson*, the resentencing in this case was conducted pursuant to section 1172.75 rather than 1172.6. The mandate in section 1172.75, subdivision (d)(2), that the trial court "apply any other changes in law that reduce sentences or provide for judicial discretion" evidences a legislative intent that defendants are to be treated with more leniency, not less, when being resentenced pursuant to this statute.

Because the trial court clearly expressed more than once its belief that it did not have any discretion with respect to the LWOP sentence on Count 1, we deem the court to have abused its discretion and reverse. (*People v. McDavid*, *supra*, 15 Cal.5th at 1023 ["A court acting while unaware of the full scope of its discretion is deemed to have abused it"].) We express no opinion on whether the trial court on remand *should* strike defendant's special circumstances and instead leave that decision to the sound discretion of the trial court.

B.    <u>CUSTODY CREDITS</u>

Defendant challenges the amount of custody credits that the trial court calculated at the March 7, 2025, sentencing hearing. The People agree that the trial court erroneously found defendant to have only 195 days of presentence credit.

The July 10, 1991, abstract of judgment reflects 1,194 days of presentencing credit. In defendant's prior appeal in 1993, this court agreed that defendant was entitled to 1,196 days rather than 1,194 days of presentencing credit, which includes credits awarded pursuant to former section 4019. (*People v. Dyas*, *supra*, E009678, pp. 33-34.)

11

The trial court found that defendant had 12,296 days of credit from the time of his original sentencing through his March 7, 2025, resentencing, which amount neither party disputes. Accordingly, on remand defendant's custody credits shall be recalculated to reflect defendant's credits of 13,492 days for both counts through March 7, 2025.

C.        RESTITUTION FINE

As part of defendant's original 1991 sentencing, the court ordered him to pay $10,000 to the state Restitution Fund pursuant to Penal Code section 1202.4 (formerly Govt. Code § 13967, subd. (a), see *People v. Giordano* (2007) 42 Cal.4th 644, 652-653 [detailing the history of the restitution statutes].). Effective January 1, 2025, Penal Code section 1465.9, subdivision (d), provides that "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated."

Defendant argues that in light of section 1465.9, the trial court erred in reimposing the $10,000 restitution fine, and we agree. We elect to exercise our discretion to overlook defendant's forfeiture on this issue for the same reasons stated *ante*.

The People argue that section 1465.9 is not applicable because it has not been 10 years since the fine was imposed by the court, specifically that the current restitution fine was ordered during defendant's resentencing in March 2025 rather than at the original sentencing in 1991. This argument is not supported by the record, as the trial court stated at the March 7, 2025 hearing that "All other prior orders remain in full force and effect. So all the victim restitution orders, restitution fine orders, the Court makes all of those

12

same orders at this time consistent with the prior sentencing." Neither the March 7, 2025, minute order nor the abstract of judgment reflect any specific reference to the restitution fine, although the minute order sets forth that "All other orders remain in full force and effect." It is clear from this language that the court was not ordering a new set of restitution fines payable by defendant, but instead intended to keep the prior orders in effect, which it could not do pursuant to section 1465.9. In fact, those prior restitution orders were vacated as of January 1, 2025, by operation of law, so there were no orders in effect for the court to maintain.

The Third District Court of Appeal recently addressed this same scenario. (*People v. Salstrom* (2025) 117 Cal.App.5th 596, 599-601, review granted on unrelated issues, March 11, 2026, S295038 (*Salstrom*).) The *Salstrom* court reviewed not only the plain language of section 1465.9, subdivision (d), but also the legislative history of the bill's implementation, notably the statement by the author of the bill that it was intended to eliminate debt for restitution fines older than 10 years "in perpetuity." (*Salstrom*, at p. 600, italics omitted.)

The People argue that *Salstrom* was "wrongly decided," because an 1172.75 resentencing hearing is a full resentencing proceeding that entitles the court to revisit all of its prior sentencing decisions, the restitution fine is not severable from the rest of the judgment, and therefore the trial court may reimpose the fine.

We are not persuaded. In addition to the plain language of section 1465.9 and its legislative history highlighted by the *Salstrom* court, as discussed above, section 1172.75, subdivision (d)(2), mandates that the trial court shall apply "any other changes in law that

13

reduce sentences" during resentencing. Applying section 1465.9 to reduce defendant's sentence as part of a section 1172.75 resentencing hearing gives effect to both statutes. (See *Mejia v. Reed* (2000) 31 Cal.4th 657, 663 [when two codes are to be construed, they "must be read together and so construed as to give effect, when possible, to all the provisions thereof"].)

Our opinion would remain unchanged even if the trial court in this instance had expressly ordered a "new" $10,000 restitution fine rather than ordered the prior fine to remain in effect. As the *Salstrom* court observed, allowing a trial court to reimpose the restitution fine could render section 1465.9 "effectively meaningless for any defendant who is subject to a full resentencing," and lead to a situation where "defendants would be penalized for successfully obtaining a reduction in sentence." (*Salstrom*, *supra*, 117 Cal.App.5th at 601.) This would be particularly egregious in light of the section 1172.75 resentencing process not being voluntarily initiated by defendants.

We order that the portion of the judgment regarding the restitution fine shall be vacated.

## DISPOSITION

The trial court's March 7, 2025, sentencing orders are reversed. On remand, defendant may invite the court to strike his 190.2 special circumstance allegations, and the trial court shall resentence defendant accordingly. The court is instructed to recalculate defendant's sentencing credits with defendant having 13,492 days of sentencing credits through March 7, 2025. The court's order regarding the $10,000 restitution fine is vacated and the trial court may not reissue the fine on remand. The trial

14

court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.  (§§ 1213, 1216.)  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

J.

We concur:

McKINSTER

Acting P. J.

LEE

J.